

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0556-20

### PHI VAN DO, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**WALKER, J., filed a dissenting opinion, in which YEARY, J., joined.**

### <u>DISSENTING OPINION</u>

Appellant was charged with Class A Driving While Intoxicated, but the jury was not asked whether he was guilty of Class A DWI. Instead, the lesser-included offense of Class B DWI was submitted to the jury. After the jury found Appellant guilty of Class B DWI, the trial court nevertheless entered a judgment of conviction for Class A DWI and sentenced him to the maximum of one year. Finding constitutional harm, the court of appeals reversed, reformed the judgment to Class B, and remanded for a new punishment proceeding.

This Court today finds that jury charge error occurred; the error was "harmless beyond a

reasonable doubt" because had the jury been properly charged, Appellant would have still been convicted and sentenced for Class A DWI; and therefore the court of appeals's determination of harm should be reversed. But that analysis for harm is from the standpoint of the State, and that specific harm relates to a different error. As I see it, there are two separate harms from two separate errors, and the Court's harmless error determination is from the standpoint of the wrong party. I respectfully dissent.

### I — Harm Should be Assessed from the Standpoint of the Appellant

Under Rule of Appellate Procedure 44.2:

> If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

Tex. R. App. P. 44.2(a). Under harmless error review, therefore, a reviewing court is required to determine whether the error contributed to the conviction or punishment from the perspective of the appellant.

Thus, an appellate court must evaluate harm from the appellant's standpoint. And, where one of the intermediate courts of appeals finds that a trial court error caused reversible harm to the appellant, this Court on appeal must also review that harm analysis from the standpoint of the appellant and not of the appellee.

### II — Two Different Errors, Two Different Harms

In Appellant's case, there are two distinct errors. The first error was the inadvertent submission of the lesser-included offense of Class B DWI due to the State's mistaken but good faith belief that Class A DWI's element of 0.15 blood alcohol concentration was a punishment issue and

not an element of the offense. The harm from the first error was the jury's return of a guilty verdict for Class B DWI and consequently the loss of the Class A prosecution.

If anyone was going to appeal this error, it was going to be the State. This harm fell on the State, and it was up to the State to object to the incorrect jury charge. The State did not. "Party responsibility" could not belong to Appellant,[1] because for him the error was in his favor, and, even if he appealed the issue, he could not show harm from the error because he stood to benefit from it. And, frankly, he had no reason to object to the submission of the lesser-included offense nor would he have reason to appeal it.

The second error was the trial court's judgment of conviction and one year sentence for Class A DWI, where the jury returned a verdict of guilty for Class B DWI and was never asked to determine whether all of the elements of Class A DWI were met and whether Appellant was guilty of Class A DWI. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). The harm from the second error was the conviction and sentence for a Class A misdemeanor even though the jury returned a verdict of guilty for only a Class B.

If anyone was going to appeal this error, it would be Appellant and "party responsibility" for

---

[1] In the context of error preservation, we explained that:

> Both Texas Rule of Appellate Procedure 33.1 and Texas Rule of Evidence 103 are "judge-protecting" rules of error preservation. The basic principle of both rules is that of "party responsibility." Thus, the party complaining on appeal (whether it be the State or the defendant) about a trial court's admission, exclusion, or suppression of evidence "must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule [or statute] in question and its precise and proper application to the evidence in question."

*Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002) (quoting 1 STEPHEN GOODE, ET AL., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL, § 103.2, at 14 (2d ed.1993)).

the error belongs to him. This harm fell on Appellant, and it was up to Appellant to object to the trial court's action. He did. "Party responsibility" could not belong to the State, because for the State the error was in its favor, and, even if the State appealed the issue, it could not show harm because it got what it originally wanted. Viewed from the State's perspective, this error is harmless. And, frankly, the State had no reason to object because, as this Court points out, had the jury been properly instructed and received the corresponding evidence, Appellant would have been convicted and sentenced for Class A DWI.

The State did not appeal the submission of the incorrect charge.[2] Appellant did appeal the trial court's Class A conviction and sentence on a Class B jury verdict. The question before us should be focused on the issue that was preserved and raised on appeal: the Class A conviction and sentence on a Class B jury verdict. This was Appellant's issue, and harm should be evaluated from his standpoint.

### III — Error was Not Harmless

The Court decides that the error was harmless. As discussed above, the State had inadvertently lost its ability to get a conviction and sentence for Class A DWI. As a result of the error we should be focusing on—the trial court's judgment of conviction for a Class A on a Class B jury verdict—the State was made whole and got what it originally wanted. Harmless, if you are the State.

For Appellant, however, who actually preserved the error and raised it on appeal, it was harmful. The jury found Appellant guilty of a Class B misdemeanor, which is punishable by a fine not to exceed $2,000, confinement in jail not to exceed 180 days, or both. TEX. PENAL CODE Ann.

---

[2] TEX. CODE CRIM. PROC. Ann. art. 44.01(c) ("The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.").

§ 12.22. Yet the trial court entered a judgment of conviction for a Class A misdemeanor, which is punishable by a fine not to exceed $4,000, confinement not to exceed one year, or both. *Id.* § 12.21. Had Appellant been sentenced to 180 days or less, within the range of a Class B offense, I would be more inclined to agree that the error was harmless because he would have been subjected to the same punishment he would have received had the trial court not committed the error. But that is not what happened. Appellant was sentenced to one year, which is the maximum for a Class A misdemeanor, and over twice the maximum for a Class B. *See id.* §§ 12.21, 12.22. This is harm.

## IV — Conclusion

In conclusion, the Court focuses on the wrong error and evaluates harm from the wrong party. The error we should be focusing on is the one that was preserved and appealed—the trial court's entry of a judgment of conviction and sentence for a Class A misdemeanor where the jury found Appellant guilty of only a Class B. The Court's harmless error analysis is correct when viewing harm from the State's standpoint, but it is harmful from Appellant's. Looking from the standpoint of the correct party—Appellant—the trial court's judgment of conviction for Class A DWI and sentence of one year, where the maximum for a Class B is six months, is unquestionably harmful. The court of appeals correctly found harm. I cannot join the Court's decision to reverse, and I respectfully dissent.

Filed: September 29, 2021
Publish